**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3391

_____

UNITED STATES OF AMERICA

v.

RICHARD MURPHY,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-13-cr-00230-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 2, 2020

_____

Before: GREENAWAY, JR., SHWARTZ and RENDELL, Circuit Judges.

(Filed: July 7, 2020)

_____

OPINION*

_____

_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Richard Murphy appeals the District Court's judgment revoking his supervised release. Because there was sufficient evidence for the Court to conclude that Murphy violated the terms of his supervised release, we will affirm.

**I**

Murphy was on supervised release following his 41-month prison term for a drug-related offense. One of the conditions of Murphy's supervised release was that he not commit another federal, state, or local crime. The United States Probation Office learned that state law enforcement had charged Murphy with burglary and assault based on allegations that he kicked down the door of the residence of his estranged girlfriend, Mindalia Colon, and assaulted her. The state later dropped the charges.[1]

The District Court convened a hearing to determine whether Murphy's supervised release should be revoked based on these allegations. The Court heard a 911 call that Colon had placed as well as testimony from Colon, a police officer, and other witnesses. During the 911 call, Colon reported that Murphy had kicked in the door to her home and beat her. The officer who responded to Colon's home testified that Colon told him that Murphy kicked in the door, beat her, and fled. Police photographed Colon's injuries and the damage to the door.

---

[1] Sometime after the incident, Colon asked the responding officer to rescind the arrest warrant filed against Murphy and told the officer that Murphy was not the perpetrator. Colon also told the District Attorney's office that Murphy was not the offender and attempted to hire an attorney to assist in Murphy's defense.

2

Colon's friend, Susan McMullins, testified that Colon called from the hospital and told McMullins that Murphy broke in and beat her. McMullins's husband corroborated Colon's call and testified that he tried to repair the broken-in door at Colon's house, but it was too badly damaged. The McMullins also stated that they knew Colon and Murphy had been arguing before the assault.[2]

Colon admitted that she placed the 911 call but testified that she lied to the 911 operator and police officers. Colon testified instead that Murphy had not broken in and did not harm her, and that he had permission to come and go from her home, as they had a child together. She also denied telling Susan McMullins that Murphy assaulted her.

The District Court considered the 911 call, statements and testimony from the McMullins, the responding officer, and Colon, as well as crime scene photographs. The Court found that Colon's statements to the 911 operator, police, and Susan McMullins describing Murphy as the assailant were credible and that Colon's recantation was "incredible." App. 58-60.

Based on this evidence, the District Court held that Murphy violated his supervised release by committing violations of state law. The Court found that circumstantial evidence showed that Murphy committed burglary because he intended to commit assault and "gained entry by kicking the door in, which is breaking and entering regardless of whether, on other[,] [ ] happier occasions [Murphy] [was] welcomed into the house." App 58. Additionally, the Court noted that the absence of a burglary conviction did not prevent the Court from finding by a preponderance of the evidence

---

[2] While on supervised release, Murphy was going to stay with the McMullins.

that Murphy committed burglary.  Likewise, the Court concluded that the 911 call, Susan McMullins's testimony, and the photographs of Colon's injuries established that Murphy committed assault.  The fact that the District Attorney had decided not to pursue the burglary and assault charges was not determinative because, in the Court's view, the evidence would have been sufficient to find Murphy guilty of assault not just by a preponderance of the evidence, but beyond a reasonable doubt.  As a result, the Court revoked Murphy's supervised release and imposed a sentence of 24 months' imprisonment.  Murphy appeals.

## II[3]

Murphy challenges the sufficiency of the evidence underlying the District Court's decision to revoke his supervised release.[4]  To revoke a term of supervised release, the Court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release.[5]  18 U.S.C. § 3583(e)(3).  "When the condition is that the defendant not commit a crime, there is no requirement of conviction or even

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. §§ 3231 and 3583(e)(3).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[4] The question of whether there is sufficient evidence to establish a violation of a condition of supervised release is reviewed for clear error.  United States v. Poellnitz, 372 F.3d 562, 565 n.6 (3d Cir. 2004).  A finding is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (citation omitted).  We review legal questions de novo.  United States v. Maloney, 513 F.3d 350, 354 (3d Cir. 2008).  We review a district court's decision to revoke supervised release for abuse of discretion.  Id.

[5] "[T]he preponderance standard simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence."  United States v. Blackston, 940 F.2d 877, 892 (3d Cir. 1991) (alteration in original) (internal quotation marks and citation omitted).

indictment." United States v. Poellnitz, 372 F.3d 562, 566 (3d Cir. 2004) . "What matters is whether [the defendant] committed [a] crime as a matter of fact." Id. at 567. Thus, "to revoke [supervised release,] it is not necessary that the [defendant] be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions" of his release. Id. at 566 (citation omitted).

Here, Murphy was charged with violating the term of supervised release that required that he not commit any federal, state, or local crime, and that he violated this condition by committing burglary and assault in violation of Pennsylvania law. Under Pennsylvania law, "[a] person commits the offense of burglary if, with the intent to commit a crime therein, the person . . . enters a building or occupied structure, . . . and the person commits, attempts or threatens to commit a bodily injury crime therein," 18 Pa. Cons. Stat. § 3502(a), unless "[t]he actor is licensed or privileged to enter," § 3502(b)(3). "[A] person is guilty of assault [under Pennsylvania law] if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa. Cons. Stat. § 2701(a)(1). The preponderance of the evidence shows that Murphy committed both offenses.

The evidence showed that Murphy forcibly entered Colon's residence, and once inside, he beat Colon. In the 911 call, Colon reported that Murphy broke into the premises and beat her. Photographs of the door, as well as testimony from the police and Mr. McMullins confirmed the forced entry. In addition, photographs of Colon, her own statements to the 911 operator, and her statements to others immediately after the event confirm that she had been beaten and that Murphy did it. Taking this evidence together,

5

the District Court had sufficient evidence to find that Murphy committed burglary and assault. App. 58-60.

Murphy contends that he was "licensed or privileged to enter," 18 Pa. Cons. Stat. § 3502(b)(3), based on Colon's testimony that he was authorized on the premises and had a key and thus could not have committed a burglary. We disagree. As the District Court observed, those who are welcome and authorized do not need to kick the door down. Once inside, Murphy beat and injured Colon. Thus, the Court had a sufficient basis to conclude that Murphy violated the conditions of his supervised release by committing burglary.

Murphy also argues that the evidence is insufficient to support a revocation because Colon reported only an assault, and not a burglary, she testified that Murphy was not the attacker, and he had permission to enter her property.. We disagree here too. Although it is true that Colon recanted her accusations against Murphy, the District Court found Colon's recantation "incredible." App. 58-60. We generally will not disturb a district court's credibility determinations. United States v. Igbonwa, 120 F.3d 437, 441 (3d Cir. 1997) ("[Our] review is more deferential with respect to determinations about the credibility of witnesses, and when the district court's decision is based on testimony that is coherent and plausible, not internally inconsistent and not contradicted by external evidence, there can almost never be a finding of clear error."). Moreover, the evidence supports the Court's conclusion that Colon's recantation was unworthy of credence. Immediately after the assault, Colon placed a 911 call recounting Murphy's forcible entry and beating. Photographs corroborated Colon's injuries, consistent with a beating, and

6

documented the broken-in door.  Moreover, shortly after the incident, Colon told police and Susan McMullins that Murphy broke down her door and beat her, and the McMullins observed Colon and Murphy arguing beforehand.

In light of this evidence, the "relaxed burden of proof[,] and our deferential scope of review," United States v. Blackston, 940 F.2d 877, 892 (3d Cir. 1991), we cannot say that the District Court erred in finding that Murphy violated a condition of his supervised release.

### III

For the foregoing reasons, we will affirm.